UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNETH SIMMONS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-1284 |
| JACK'S CAFE and CATHERINE KEISER, | ) |
| Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff Kenneth Simmons's ("Plaintiff") Motion for Appointment of Attorney. ECF No. 12. For the reasons stated below, Plaintiff's Motion is DENIED.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(1), the court has the discretionary authority to "request an attorney to represent any person unable to afford counsel." In order to properly exercise this discretion, the court must answer the following two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). As to the second question, the material issue is whether the difficulty of the case at hand (factually and legally) exceeds the pro se plaintiff's ability to litigate and present the case to the judge or jury by himself at trial. *Id*. at 655. The decision whether to recruit pro bono counsel is left to the district court's discretion. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).

## ANALYSIS

Here, Plaintiff has failed to demonstrate that he made any reasonable attempt to obtain counsel or had been effectively precluded from doing so. According to the information available to the Court, Plaintiff made no attempt to obtain counsel. Additionally, the Court finds that Plaintiff is competent to litigate the case himself. Plaintiff provided an affidavit claiming he has medical issues that prevent him from litigating this case. ECF No. 12 at 3-5. Plaintiff's affidavit states that he is qualified under the American with Disabilities Act ("ADA"), has high blood pressure, sinus and brady tachycardia, and heart palpitations; however, none of these conditions interfered with his ability to draft several pleadings in this matter, such as the complaint, motion for leave to proceed in forma pauperis, motion for permanent injunction, and motion to add defendant. ECF Nos. 1, 2, 3, 6. The Court's review of the complaint shows that Plaintiff has an adequate understanding of the issues and matters involved in this case – Defendant allegedly violated the ADA by not providing adequate parking spaces in front of its restaurant. Moreover, the issues raised in his complaint are straightforward, understandable, and not unduly complex.

Because Plaintiff has made no reasonable attempt to obtain counsel and appears to be competent to litigate the matter himself, the Court denies his request for an attorney.

## CONCLUSION

For the reasons stated above, Plaintiff's [12] Motion for Appointment of Counsel is DENIED. This matter is referred to the Magistrate Judge to set a Rule 16 conference.

ENTERED this 18th day of December, 2020.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge